UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TEVIA MASTYKARZ,                                                                              05-CV-0641E(Sc)

        Plaintiff,                                                                                         MEMORANDUM

  -vs-                                                                                                             and

NIAGARA MOHAWK POWER CORPORATION,                                                ORDER[1]
  A National Grid Company, and
INTERNATIONAL BROTHERHOOD OF
  ELECTRICAL WORKERS, AFL-CIO,
  LOCAL UNION 97,

        Defendants.
_____

INTRODUCTION

In this action, plaintiff Tevia Mastykarz ("Mastykarz") alleges that her former employer Niagara Mohawk Power Corporation ("Niagara Mohawk") unlawfully terminated her employment because of her disability — depression and anxiety — in violation of the Americans with Disabilities Act, the Family Medical Leave Act and New York State Human Rights Law. Mastykarz seeks injunctive relief, compensatory and punitive damages. She also alleges, in a "hybrid" claim that Niagara Mohawk breached the collective bargaining agreement by its actions and that her union, the International Brotherhood of Electrical Workers, Local 97, ("the Union") breached its duty of fair representation by arbitrarily refusing to take her grievance to arbitration and by otherwise

---

[1]This decision may be cited in whole or any part.

negligently prosecuting her grievance at the earlier stages, in violation of §301 of the Labor Management Relations Act, 29 U.S.C. §185.

In lieu of an answer, the Union filed the instant Motion to Dismiss the Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"). The Union alleges that Mastykarz failed to exhaust the Union's internal administrative remedies — specifically that Mastykarz failed to appeal the Grievance Committee's determination not to take her grievance to arbitration. Mastykarz opposes the Motion arguing that the Union's internal procedure is unwritten and not disclosed to members, that it is confusing, that she requires an opportunity to conduct discovery into the Union's procedures and that her failure to exhaust the Union's alleged procedures does not require dismissal of her claim.

FACTS

Mastykarz alleges that in September 2004 she became unable to work due to her illnesses of depression and anxiety. She commenced medical leave at that time. Mastykarz was cleared by her physicians to return to work on a part-time basis in December 2004 and was further cleared to return to work on a full-time

basis in January, 2005. On January 4, 2005 Mastykarz was notified that her employment with Niagara Mohawk was terminated effective November 16, 2004.[2]

Mastykarz, with the assistance of the Union, filed a grievance protesting her termination. The grievance remained unresolved after the first three steps of the grievance process. Mastykarz alleges that the Union wrongfully and arbitrarily refused to demand arbitration of her grievance (step four of the grievance process).

## DISCUSSION

The Union argues that it provided Mastykarz with notice of her right to appeal the Union's determination not to pursue arbitration of her grievance by contacting the Grievance Committee.[3] The Union contends that its notice was clear that Mastykarz was to file any appeal to the Grievance Committee on or before June 6, 2005 and that she failed to do so. In support of its argument, the Union also submitted the affidavit of Kevin Long, its Assistant Business Manager in which he states that from 2002 to 2004 approximately 10 grievances were processed to arbitration after the members' successful appeals from the

---

[2] Niagara Mohawk alleges that Mastykarz's medical leave pursuant to the Family Medical Leave Act expired on or about November 12, 2004 and that thereafter she was absent without medical excuse.

[3] The Union argues that the appeal process requires a submission to the Grievance Committee which apparently is the same body which makes the initial determination as to whether to proceed to arbitration.

Grievance Committee's original decision not to pursue the grievances to arbitration.  Long Aff. ¶16.  The Union contends that Mastykarz could have appealed the Grievance Committee's decision, that she was advised of her right to do so, that doing so would not have been onerous or caused undue delay and that Mastykarz failed to avail herself of the administrative remedies available to her.

In opposition, Mastykarz first argues that this Motion was one made pursuant to FRCvP 12(b) and, as such, the Court's consideration is limited to the allegations contained in the Complaint and documents attached thereto or incorporated by reference.  Mastykarz argues that the Court should not convert the Motion to one for summary judgment pursuant to FRCvP 56(c) as Mastykarz has not yet had the benefit of discovery and thus the Court should disregard any submissions outside the pleadings.[4]  Seeger Aff. ¶¶5-6.  Mastykarz also makes some arguments as to the merits of the Motion but again asserts that her ability to submit evidence in support of her position has been compromised by the lack of discovery.

When considering a motion to dismiss pursuant to FRCvP 12(b)(6), the Court "must accept the material facts alleged in the complaint as true and

---

[4] It is important to note that the Motion was made pursuant to FRCvP 12(b)(6) and, despite submitting materials outside the pleadings, the Union has not requested that the Court convert the Motion to one for Summary Judgment pursuant to FRCvP 56.

construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002). The motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on his claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

"When matters outside the pleadings are presented in support of, or in opposition to a [FRCvP] 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under [FRCvP] 56 and afford all parties the opportunity to present supporting material." *Friedl* v. *City of New York*, 210 F.3d 79, 83 (2d Cir. 2000). It is error for the Court to consider affidavits and exhibits in ruling on a FRCvP 12(b)(6) motion. *See ibid*.

Normally, summary judgment is inappropriate before the parties have had the opportunity for discovery. *See Hellstrom* v. *U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Thus, the usual course in a circumstance such as this where the parties have not yet engaged in discovery is to refuse to convert the motion to one for summary judgment and to deny the motion without prejudice.

*See Gilmore* v. *Univ. of Rochester Strong Memorial Hosp. Div.,* 384 F. Supp. 2d 602, 617 (W.D.N.Y. 2005).

It is within the discretion of the district court to determine whether a hybrid claim for breach of the duty of fair representation against a union should be dismissed for the plaintiff's failure to exhaust the union's internal administrative remedies.  In making such determination, courts consider (1) whether union officials are so hostile to the employee that he could not hope to obtain a fair hearing on his claim; (2) whether the internal union appeals procedures would be inadequate either to reactivate the employee's grievance or to award him the full relief he seeks under §301; and (3) whether exhaustion of internal procedures would unreasonably delay the employee's opportunity to obtain a judicial hearing on the merits of his claim. *See Clayton* v. *UAW*, 451 U.S. 679, 689 (1980).  It is the Union's burden to demonstrate that none of those considerations are present in its case and that the Court should dismiss the claim for Mastykarz's failure to complete the administrative process.

The Union cannot satisfy its burden, however, without resort to material outside the pleadings. Mastykarz has not had the opportunity to obtain discovery of the relevant facts and materials in order to attempt to refute the materials set forth by the Union.

## CONCLUSION

Accordingly, it is hereby **ORDERED** that the Union's Motion to Dismiss Mastykarz's claim for breach of the duty of fair representation in her hybrid Labor Management Relations Act claim is denied without prejudice to its presentation in a properly made and supported FRCvP 56 motion upon the completion of discovery.

DATED:   Buffalo, N.Y.

March 23, 2007

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.